UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

_____
                                       )
UNITED STATES OF AMERICA               )     1:21-cr-41-JL-03
                                       )
v.                                     )
                                       )
RENEE SPINELLA                         )
                                       )
_____ )

## DEFENDANT'S SENTENCING MEMORANDUM

NOW COMES the defendant, Renee Spinella, through counsel Kirsten B. Wilson and respectfully submits the following sentencing memorandum for the Court's consideration in regards to the sentencing of Ms. Spinella currently scheduled for August 25, 2022.

### I.     INTRODUCTION

On March 15, 2021, Ms. Spinella was charged in an Indictment with Conspiracy to Operate Unlicensed Money Transmitting Business (Count I), pursuant to 18 U.S.C. §§ 371, 1960(a) and (b)(1)(B). Ms. Spinella was also indicted with Conspiracy to Commit Wire Fraud (Count IV) pursuant to 18 U.S.C. §§ 1343, 1349 and two counts of Wire Fraud (Count 8 & 10), pursuant to 18 U.S.C. § 1343. Ms. Spinella was arrested on March 16, 2021 and made her initial appearance in court. She was released from custody the same day.  Ms. Spinella has not been incarcerated since her release.

 On April 12, 2022, a superseding information was filed and Ms. Spinella was charged with Wire Fraud, pursuant to 18 U.S.C. § 1343. On April 14, 2022, she accepted responsibility

and plead guilty to the single count superseding information charging her with Wire Fraud, pursuant to 18 U.S.C. § 1343.

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. 11(c)(1)(B), the United States and the defendant stipulate and agree to the following: The plea agreement contains a stipulated version of the facts, and the defendant agrees that the government would have proven those facts beyond a reasonable doubt had the case proceeded to trial. The defendant waives any claim she may have that the superseding Information is duplicitous. The United States will recommend that the defendant be sentenced at the bottom of the applicable advisory sentencing guidelines range as determined by the Court. Parties further agreed that monetary loss shall be no greater than $78,417.25. Finally, pursuant to Fed. R. Crim. P. 11(c)(1)(A), the government agrees to dismiss the defendant from the Indictment at the time of sentencing.

The defendant's offense conduct in this case includes Wire Fraud. The advisory sentence under the Guidelines in this case is an offense level of 8 and criminal history category I, with an imprisonment range of 0 months to 6 months. There are significant reasons for this Court to sentence the defendant to a sentence which does not include incarceration. These include the prompt acceptance of responsibility and the fact that Ms. Spinella has no criminal record.

## II. HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Under 18 U.S.C. § 3661, "no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence." *18 U.S.C. § 3661*. The dictates of § 3661 prevail over the policy statements in Part H of the now advisory

sentencing guidelines listing the defendant's family circumstances, age, educational background, vocational skills, mental and emotional conditions, drug and alcohol dependence, and lack of guidance as a youth as "not ordinarily relevant." Under Booker, such factors are clearly relevant for purposes of determining an appropriate sentence under the statutory framework. *United States v. Booker,* 125 S.Ct. 738 (2005.) The "history and characteristics of the defendant" are one of the factors, cited at *18 U.S.C. § 3553(a)(1)*, which the Court is obligated to consider in imposing its sentence….

### A. THE DEFENDANT'S UPBRINGING AND LIFE CIRCUMSTANCES

Ms. Spinella's parents separated when she was approximately 4 years old. After the separation, Ms. Spinella remained with her mother, who moved to New Hampshire. Her father remained in Indiana, where the family had been living until the separation. As noted in the Presentence Report, Ms. Spinella's mother remarried when Ms. Spinella was approximately 8 years old. This new family structure created enormous upheaval for Ms. Spinella – ultimately leading to her running away briefly, wishing (and being denied) the ability to live with her father, and developing an eating disorder by age 11. (PSR, ¶.60-63.)

At age 12, Ms. Spinella was moved into a motor inn that her mother and stepfather purchased. While her mother and stepfather lived in the same building, Ms. Spinella had an enormous amount of independence at this young age, and little to no parental supervision. (PSR, ¶ 64.) She recalls being reprimanded by her mother and stepfather for taking food during the timeframe from when she was 12-16 years old in this arrangement. This resulted in her seeking food from local food kitchens, but then being further reprimanded by her mother and stepfather for embarrassing the family by doing so.

At age 16, Ms. Spinella moved out of the motor inn, and began living with her co-defendant, Ian Freeman. She remained living with him from age 16-19. When Ms. Spinella was approximately 21 years old, she threatened harm to herself and was checked into Darthmouth Hitchcock in Lebanon, NH, undergoing a two-week hospitalization. (PSR, ¶ 67 and 76.) In her 26 years, Ms. Spinella has suffered from eating disorders, run away and ultimately left home at age 16, and been hospitalized for suicidal ideation. She has suffered from long term depression, anxiety and ADHD. She responsibly manages these mental health issues with medical providers and medication. Noteworthy for sentencing purposes is the fact that despite significant family and mental health stressors, Ms. Spinella has avoided reliance or addiction to substances often used to self-medicate.

Despite family and mental health challenges, she has found a stable and loving relationship with her husband, Andrew Spinella, a co-defendant in this case. They married in May of 2020, and the two have a loving and supportive relationship, as they report, along with Andrew's family, who they presently live with. Ms. Spinella has sought to manage the anxiety and uncertainty of this criminal process through creative outlets by writing and singing music, working and living with her husband's supportive family as noted.

### B. SPINELLA'S AGE DURING SPAN OF ACTS

Ms. Spinella was 21 years old during the timeframe of the acts alleged in the superseding information. During the timeframe of the initial indictment, Ms. Spinella was between the ages of 19 and 24. She is before the court presently, a 26-year-old with no criminal record. The defendant's youth is an appropriate factor to consider in determining what is fair and just in this case.

While Ms. Spinella is incredibly bright and articulate, she gained independence from parental supervision officially at 16 years of age, but arguably at 12 years of age when she had her own room at the family motor inn.

The United States Supreme Court's affirmation of the constitutional difference between children and adults for the purposes of sentencing, culpability and custody is rooted in three key developmental characteristics of youth: 1) the inability to self-regulate; 2) sensitivity to external influences; and 3) a poor ability to appreciate the long-term consequences of their actions.  These differences, grounded in biological and maturational development, have constitutional, legal and practice implications.  As Justice Kagan wrote in *Miller v. Alabama*, 567 U.S. 460, 471 (2012): Children are constitutionally different from adults for purposes of sentencing . . . First, children have a 'lack of maturity and an underdeveloped sense of responsibility,' leading to recklessness, impulsivity and heedless risk-taking.  (Cites omitted.)  Second, children 'are more vulnerable . . . to negative influences and outside pressures,' including from their family and peers; they have limited 'control over their own environment' and lack the ability to extricate themselves from horrific, crime-producing settings.  Ibid.  And third, a child's character is not as 'well formed' as an adult's; his traits are 'less fixed' and his actions less likely to be 'evidence of irretrievable depravity.'  *Id*.

The American Psychological Association filed an Amicus Curiae Brief in *Roper v. Simmons*, 543 U.S. 551 (2005).  It stated: At ages 16 and 17, adolescents, as a group, are not yet mature in ways that affect their decision-making.  Behavioral studies show that late adolescents are less likely to consider alternative courses of action, understand the perspective of others and restrain impulses.  Delinquent, even criminal, behavior is characteristic of many adolescents, often peaking around 18.  Heightened risk taking is also

5

common. During the same period, the brain has not reached adult maturity, particularly in the frontal lobes, which control executive functions of the brain related to decision-making. *Roper v. Simmons*, 543 U.S. 551 (2005). The fact that Ms. Spinella was at such a young age at the time of her actions is relevant to a determination of a fair and just sentence. This is to be juxtaposed with the acceptance of responsibility at an early stage of the criminal litigation at her current age. This further shows a strong likelihood of rehabilitation through supervised release for Ms. Spinella without need for incarceration.

### III. GUIDELINE ANALYSIS

**Total Offense Level (TOL) Computation.**

Ms. Spinella's offense conduct in this case includes Wire Fraud, pursuant to 18 U.S.C. § 1343. Ms. Spinella's initial offense level is 10.

Ms. Spinella took responsibility for her offense, resulting in a 2-level reduction pursuant to USSG §3E.1.1(a).

Once compiled, Ms. Spinella receives a 2-level reduction from her initial offense of level 10, resulting in a **Total Offense Level of 8**.

**Criminal History Category (CHC)**

Ms. Spinella's lack of criminal convictions result in a subtotal criminal history score of 0. PSR ¶ 54. This score places Ms. Spinella in criminal history category I, PSR ¶55.

**Guideline Provisions**

Based on the offense level 8 and criminal history category I, the guideline imprisonment range is 0-6 months.

**Supreme Court's Guidance - Guidelines are Not Presumed Reasonable**.

In determining an appropriate sentence, the Court should first calculate the appropriate guideline range under the United States Sentencing Guidelines ("the Guidelines"), including any appropriate departures. *United States v. Smith*, 531 F.3d 109, 111 (1st Cir. 2008). After calculating the Guideline range, the Court should consider the factors set forth in 18 U.S.C. § 3553(a) to determine an appropriate sentence, explain its reasoning, and select a sentence that is "sufficient, but not greater than necessary, to achieve the goals of sentencing." Id. (internal quotations omitted).

In doing so, "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." *Nelson v. United States*, 555 U.S. 350, 352 (2009) (per curiam) (quoting *Rita v. United States*, 551 U.S. 338, 351 (2007)). "The Guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable." Id. (emphasis in original). The sentencing factors in 18 U.S.C. § 3553(a)(2) include: the need for the sentence imposed —

>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner.

## CONCLUSION

It is requested that Ms. Spinella be sentenced on the pending charge of Wire Fraud to one day pre-trial confinement credit for her incarceration post arrest. It is

further requested that Ms. Spinella further be sentenced to Supervised Release for a period of 3 years. Such a sentence would enable Ms. Spinella to show the government that the conduct underlying the charge was an aberration and that she can be a productive member of society. Should this for any reason not be the case, Ms. Spinella would be subject to the three-year period for imposition by the Court.

      It is submitted that this recommendation is fair, appropriate and consistent with the purposes of sentencing.

Dated: August 17, 2022        Respectfully submitted,
                 Renee Spinella
                 By her counsel,

                 <u>/s/ Kirsten B. Wilson</u>
                 Kirsten Wilson Law
                 600 State Street, Suite 4
                 Portsmouth, NH 03801
                 (603) 501-0301

**CERTIFICATE OF SERVICE**

I herby certify that on August 17, 2022 the above document was served electronically upon Georgiana MacDonald through the CM/ECF filing system.

                 */s/Kirsten Wilson*
                 Kirsten Wilson
                 Kirsten Wilson Law